UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVANS DELIVERY COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> AMBLE GENERATION, INC., et al., <br><br> Defendants. | CIVIL ACTION NO. 3:24-CV-01647 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

Pending before the Court is Plaintiff Evans Delivery Company Inc.'s ("Plaintiff") motion for default judgment filed pursuant to Fed. R. Civ. P. 55 against Defendants Amble Generation, Inc. d/b/a Amble Generation, LLC ("Amble Generation") and Amble Logistics, Inc. ("Amble Logistics") (together, "Defendants"). (Doc. 14). On September 27, 2024, Plaintiff initiated this action by filing a complaint against Defendants. (Doc. 1). On December 16, 2024, the Clerk of Court issued an entry of default against Amble Generation. (Doc. 9). On May 30, 2025, the Clerk of Court issued an entry of default against Amble Logistics. (Doc. 18). On June 4, 2025, the Court conducted a hearing to determine Plaintiff's damages. Defendants did not appear. For the following reasons, Plaintiff's motion for default judgment is **GRANTED**. (Doc. 14).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following factual summary is taken from the complaint and for the purposes of the instant motion, is taken as true. (Doc. 1). Plaintiff is a federally licensed interstate motor carrier. (Doc. 1, at ¶ 6). Beginning in or before February of 2024, Defendants hired Plaintiff to provide transportation and delivery services and agreed to pay Plaintiff for its services rendered and incurred costs. (Doc. 1, at ¶¶ 7-8). Plaintiff was to pick up shipments and

transport them to specified destinations. (Doc. 1, at ¶ 9). After each delivery, Plaintiff would invoice Defendants, however, Defendants began to default on their payments. (Doc. 1, at ¶¶ 10-11). Plaintiff began to demand payments and Defendants promised they would make payments. (Doc. 1, ¶ 12). However, Defendants never paid Plaintiff. (Doc. 1, ¶ 13).

On September 27, 2024, Plaintiff initiated this action by filing a complaint against Defendants alleging various Pennsylvania[1] contract claims. (Doc. 1). Plaintiff primarily seeks damages for breach of contract. (Doc. 1, ¶¶ 14-21). In the alternative, Plaintiff seeks damages for unjust enrichment, promissory estoppel, or account stated. (Doc. 1, ¶¶ 22-44). On October 18, 2024, Plaintiff filed an affidavit of service on Amble Generation. (Doc. 5). On December 10, 2024, Plaintiff filed a request for entry of default against Amble Generation which the Clerk of Court entered on December 16, 2024. (Doc. 5; Doc. 9). Also on December 10, 2024, Plaintiff filed a motion for alternative service against Ambler Logistics which the Court granted on December 16, 2024. (Doc. 7; Doc. 8). Pursuant to that order, Plaintiff mailed Amble Logistics service papers on February 4th, 2024, and the papers were delivered on February 6, 2024. (Doc. 11-3). On February 28, 2025, Plaintiff filed a request for entry of default against Ambler Logistics which the Clerk of Court entered on May 30, 2025. (Doc. 12; Doc. 18). On March 21, 2025, Plaintiff filed a motion for default judgment against Defendants. (Doc. 14). On June 4, 2025, the Court held a hearing on the motion for default judgment, however, only Plaintiff attended. To date, no counsel has entered an appearance on Defendants' behalf and Defendants have not filed any documents with the Court in connection with this case.

---

[1] Pennsylvania law applies to Plaintiff and Defendants' agreement pursuant to a jurisdiction clause executed by the parties. (Doc. 1, ¶ 5).

**II.     LEGAL STANDARD**

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). See 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (3d ed. 2007) (noting that, "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Once the Clerk of Court has entered a default, the party seeking the default may then move the Court to enter a default judgment under Rule 55(b)(2). Entry of default does not entitle a claimant to default judgment as a matter of right. 10 James Wm. Moore et al., *Moore's Federal Practice* § 55.31 (Matthew Bender ed. 2010). Indeed, it is well settled that decisions relating to the entry of default judgments are committed to the sound discretion of the district court. See *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

Three factors control the exercise of the district court's discretion in assessing whether default judgment should be granted following the entry of default: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (*citing United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). Even so, a court may "enter a default judgment based solely on the fact that the default occurred" without considering the *Chamberlain* factors if the defendant has been properly served but fails to appear, plead, or defend an action. See *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

"A finding that default judgment is appropriate, however, is not the end of the inquiry." *Martin v. Nat'l Check Recovery Servs., LLC*, No. 1:12-cv-01230, 2016 WL 3670849, at

*1 (M.D. Pa. July 11, 2016). Prior to entering a default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." *See* Wright et al., at § 2688; *see also* Broad. *Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) (stating that, "before granting a default judgment, the Court must ... ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law'" (citations omitted)). In conducting this inquiry, "the well-pleaded, factual allegations of the complaint ... are accepted as true and treated as though they were established by proof." *See E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F. Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). While the Court must accept as true the well-pleaded factual allegations of the complaint, the Court need not accept the moving party's factual allegations or legal conclusions relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III. Discussion

Plaintiff moves for default judgment and requests $401,352.15 plus costs. (Doc. 14, at 3). The Court will first address the Court's jurisdiction over this matter. The Court will then access whether default judgment is warranted. Finally, the Court will assess damages.

### A. The Court has Jurisdiction

Although Defendants have failed to make any appearance or challenge jurisdiction, "when a default judgment is requested, a court is required to make a threshold determination regarding any jurisdictional defects." *See Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015) (nonprecedential). The Court finds Plaintiff properly alleges subject matter jurisdiction and personal jurisdiction over Defendants. Regarding subject matter jurisdiction, Plaintiff alleges complete diversity of citizenship and damages in excess of $75,000. (Doc. 1, ¶¶ 2-4, 21). Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332.

The Court also has personal jurisdiction over Defendants. Plaintiff alleges Defendants are subject to a jurisdiction clause executed by the parties which provides that the parties consent to Pennsylvania law and jurisdiction. (Doc. 1, ¶ 5). Taking this allegation as true, Defendants have consented to this Court's jurisdiction. *See HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 320–21 (W.D. Pa. 2020) (stating "the traditional personal-jurisdiction considerations are irrelevant when a party has consented to jurisdiction in a forum based on a forum-selection clause"). Accordingly, the Court has both subject matter and personal jurisdiction.

B. DEFAULT JUDGMENT IS WARRANTED

The Court finds that Plaintiff is entitled to default judgment. Before granting default judgment, "the Court must 'ascertain whether 'the unchallenged facts constitute a legitimate cause of action.'" *Adlife Mktg. & Commc'ns Co. v. Ad Post Graphics Media Mktg., Inc.*, 708 F. Supp. 3d 567, 573 (M.D. Pa. 2023) (quoting *Broad. Music, Inc.*, 555 F. Supp. 2d at 541). "Under Pennsylvania law, 'three elements are necessary to plead a cause of action for breach of contract: (1) the existence of a contract, including its essential terms[;] (2) a breach of the contract; and[ ] (3) resultant damages'" *Doe v. Univ. of Scis.*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. L. Firm of Malone Middleman, P.C.*, 635 Pa. 427, 445 (2016)). The relevant contract may be written, oral, or inferred from the acts and conduct of the parties. *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C.*, 635 Pa. at 445. There are three requirements to "[plead] the formation of a contractual agreement: offer, acceptance, and 'mutual assent to essential terms.'" *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 201 (3d Cir. 2019) (quoting *Flender Corp. v. Tippins Int'l, Inc.*, 830 A.2d 1279, 1284 (Pa. Super. Ct. 2003)).

Here, Plaintiff has met the pleading requirements for its breach of contract claim. Plaintiff alleges that Defendants offered to pay Plaintiff for transportation services, Plaintiff accepted this offer, and both parties agreed that Plaintiff would be paid for services rendered and the costs incurred. (Doc. 1, ¶¶ 7-10). Plaintiff has thus pled the existence of a contract and its essential terms. *Wolfington*, 935 F.3d at 201. Plaintiff has also adequately alleged breach of the contract because Defendants defaulted on payments. (Doc. 1, ¶ 11). Finally, Plaintiff adequately alleged resultant damages because Plaintiff was not paid for its services and costs incurred. (Doc. 1, ¶¶ 11-13). Accordingly, the unchallenged facts constitute a legitimate cause of action.[2] *Adlife Mktg. & Commc'ns Co.*, 708 F. Supp. 3d at 573.

The Court next turns to the *Chamberlain* factors. 210 F.3d at 164. Under *Chamberlain* the Court must consider, "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." 210 F.3d at 164. These factors weigh in favor of entering default judgment against Defendants.

First, Plaintiff will be prejudiced if the Court declines to enter default judgment. This prejudice stems from the fact that Plaintiff would be unable to otherwise obtain relief or pursue

---

[2] Plaintiff's other claims are brought in the alternative. (Doc. 1, ¶¶ 22-44). The Court need not consider these alternative claims because the Court finds Plaintiff has adequately stated a claim for breach of contract. *See Maersk Line v. TJM Int'l Ltd. Liab. Co.*, 427 F. Supp. 3d 528, 534 (D.N.J. 2019) (stating "Plaintiff alleges there was a contract between Plaintiff and Entity Defendants, but pleads in the alternative a claim of unjust enrichment. Because this Court finds Plaintiff has adequately stated a breach of contract claim, this Court need not address this alternative theory").

their case due to Defendants' failure to respond. *See Fridline v. Millennia Tax Relief*, LLC, 727 F. Supp. 3d 517, 522 (M.D. Pa. 2024) (Stating "Plaintiff would be prejudiced [if default is denied] by his 'current inability to proceed with [his] action due to Defendant['s] failure to defend'" (quoting *Broad. Music, Inc. v. Kujo Long, LLC*, No. 1:14-CV-00449, 2014 WL 4059711, at *2 (M.D. Pa. Aug. 14, 2014)); *see also Adlife Mktg. & Commc'ns Co.*, 708 F. Supp. 3d at 573 (stating "[a]bsent the default judgment, Plaintiff will be faced with an indefinite, and possibly permanent, delay in the adjudication. . . and is left with no alternative means to vindicate its claim against the defaulting parties").

Second, Defendants do not appear to have a litigable defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Here, the court cannot ascertain a litigable defense because Defendants have not "responded to the allegations and, therefore, have failed to assert a defense."*Adlife Mktg. & Commc'ns Co.*, 708 F. Supp. 3d at 573; *see also Fridline*, 727 F. Supp. 3d at 522.

Third, Defendants' delay is due to culpable conduct because it has failed to respond despite receiving service of process months ago. *See Fridline*, 727 F. Supp. 3d at 522 (finding culpability where a Defendant received service of process but failed "to respond or appear in this action. . . [and] offered no explanation for its failure to engage in the litigation"). "In [the] context [of a default] culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). The record reflects that Amble Generation was personally served with summons on October 16, 2024. (Doc. 5). With the Court's permission, Plaintiff also served Amble Logistics via mail and the relevant papers were delivered to Amble Logistics on February 6, 2025. (Doc. 11-3). Despite this, Defendants

7

have failed to respond to the complaint or take any other action which "amounts to deliberate and willful conduct." *Adlife Mktg. & Commc'ns Co.*, 708 F. Supp. 3d at 573; *see also Fridline*, 727 F. Supp. 3d at 522 (stating "[h]aving received service, Defendant has yet to respond or appear in this action. Because Defendant has offered no explanation for its failure to engage in the litigation, the Court finds that Defendant is culpable").

This all considered, the Court is satisfied that the *Chamberlain* factors weigh in favor of entering default judgment in Plaintiff's favor. 210 F.3d at 164. Accordingly, the Court **GRANTS** Plaintiff's motion for default judgment. (Doc. 14).

### C. PLAINTIFF IS ENTITLED TO $401,352.15 IN DAMAGES.

Having determined that Plaintiff is entitled to the entry of default judgment, the Court next evaluates Plaintiff's request for $401,352.15 in damages.[3] (Doc. 14, at 3). "In Pennsylvania, 'damages [for breach of contract] need not be proved with mathematical certainty, but only with reasonable certainty, and evidence of damages may consist of probabilities and inferences.'" *Roberts Tech. Grp., Inc. v. Curwood, Inc.*, 695 F. App'x 48, 53 (3d Cir. 2017) (nonprecedential) (quoting *Delahanty v. First Pennsylvania Bank, N.A.*, 318 Pa. Super. 90, 118 (1983)). Further, "damages in a breach of contract case are equal to the amount of revenue lost as a result of the breach, minus the costs avoided as a result of the same breach." *Roberts Tech. Grp., Inc. v. Curwood, Inc.*, 695 F. App'x at 53.

Plaintiff has produced invoices and a declaration showing that Defendants failed to pay Plaintiff $365,547.51. (Doc. 14-3; Doc. 14-4; Doc. 14-5; Doc. 14-6; Doc. 14-7). Plaintiff has also provided documentation showing Defendants owe $35,804.64 in interest under their

---

[3] At argument, counsel for Plaintiff stated that the claimed damages were inclusive of costs and that it was not seeking attorney fees.

agreement due to Defendants' failure to pay. (Doc. 14-8). The total amount owed is $401,352.15. (Doc. 14, at 3). Plaintiff is entitled to this amount because the unpaid invoices and interest constitute the "amount of revenue lost as a result of the breach." *Roberts Tech. Grp., Inc.*, 695 F. App'x at 53. Accordingly, judgment shall be entered in favor of Plaintiff and against Defendants in the amount of $401,352.15.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is **GRANTED**. (Doc. 14). Judgment is entered in favor of Plaintiff and against Defendants in the amount of $401,352.15. The Clerk of Court shall mark this matter as **CLOSED**. An appropriate order follows.

Dated: June 4, 2025                                         *s/ Karoline Mehalchick*
                                                                                     **KAROLINE MEHALCHICK**
                                                                                     **United States District Judge**